IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00011-D

**Thomas D'Orazio**,

    Plaintiff/Counterclaim Defendant,

v.

**OSD Holdings, Inc.**,

    Defendant/Counterclaim Plaintiff,

&

**Robert H. Rothenburg**,

    Defendant.

**Order**

This matter is before the Court upon motion of Plaintiff/Counterclaim Defendant, Thomas D'Orazio ("Plaintiff"), pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, to compel and for sanctions, and in the alternative to dismiss for the failure to prosecute. Having considered and reviewed the pleadings and arguments of counsel, the Court finds that Plaintiff's Motion should be granted, as follows:

1.    Per the Scheduling Order [D.E. 28] entered in this matter, the parties' Rule 26(a)(1) disclosures were to be exchanged by June 24, 2016. Although Plaintiff served his Rule 26 disclosures on June 23, 2016 [D.E. 37-1], Defendant/Counterclaim Plaintiff OSL Holdings, Inc. ("OSL") did not provide any Rule 26 disclosures to Plaintiff on or before Juned 24, 2016. Plaintiff's counsel requested provision of OSL's Rule 26 disclosures in writing on August 12,

2016 [D.E. 37-2]; August 23, 2016 [D.E. 37-3]; and October 31, 2016 [D.E 37-5]. OSL has never made the required Rule 26 disclosures.

2. On August 23, 2016, Plaintiff's First Set of Requests for Production [D.E. 37-4] were served on OSL. No responses were received within a 30 day time period provided by Rule 34 of the Federal Rules of Civil Procedure, and no extension of time to respond was requested. On October 31, 2016, Plaintiff's counsel requested in writing [D.E. 37-5] that either the documents be produced by November 4, 2016, or some agreement reached in lieu thereof. No response to Plaintiff's First Request for Production of Documents was provided. Instead, on November 4, 2016, OSL's counsel sent a letter [D.E. 37-6] to Plaintiff's counsel which stated that "all known directors of OSL have resigned and there is no one available to communicate with or authorize any further work in this matter."

3. OSL's counsel that same day filed a renewed motion to withdraw as counsel [D.E. 35] from representation of OSL stating that "a) all of the directors of OSL Holdings have resigned and there is no one available to communicate with or authorize any further work in this matter; and b) OSL Holdings has no funding and is essentially defunct." That motion was granted on November 7, 2016 [D.E. 36].

4. Plaintiff filed a Motion to Compel and for Sanctions, and in the alternative, Motion to Dismiss for Failure to Prosecute [D.E. 37] on November 9, 2016. Plaintiff sought (a) an order compelling OSL to make those disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure and to respond to Plaintiff's First Requests for Production of Documents; (b) for entry of sanctions given OSL's complete failure to make Rule 26 disclosures or respond to Plaintiff's First Requests for Production of Documents; and (c) in the alternative, for dismissal with

prejudice of OSL's Counterclaim per Rule 41(b) for failure to prosecute. OSL did not respond to Plaintiff's motion.

5. Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure, if a party fails to make the required Rule 26(a) disclosures, the opposing party may move for an order compelling the same and seeking appropriate sanctions. Under Rule 37(c)(1), a court has discretion to award a variety of sanctions for the failure to disclose, including striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or issuing a default judgment against the disobedient party.

6. Rule 37(a)(3)(B) allows a party to seek court intervention to compel production of documents pursuant to Rule 34. If a party fails to comply with a court order compelling production, the same dispositive sanctions described above are available.

7. In evaluating the imposition of dispositive sanctions, the Court must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

8. With respect to bad faith, based on representations of OSL's former counsel, there is currently no functioning entity that can or will provide any disclosures or discovery responses to Plaintiff, despite the fact that OSL instituted a counterclaim against Plaintiff alleging damages of over $100,000. Though counsel for OSL states that OSL is defunct, the Court has no evidence that OSL has been dissolved, nor can the Court otherwise determine whether OSL's "defunct" status is permanent. Whatever the case, OSL is willfully refusing to participate in this matter.

9. With respect to the second factor, OSL has prejudiced Plaintiff by failing to provide both Rule 26 disclosures and responses to Plaintiff's Requests for Production of Documents. Plaintiff specifically sought information related to OSL's Counterclaim and defenses in the matter, including communications and financial information regarding OSL, as well as specific documents to support OSL's allegations that Plaintiff breached a fiduciary duty to OSL; that Plaintiff converted property of OSL; that OSL was entitled to recover damages from Plaintiff; that Plaintiff's "conduct resulted in the Company's inability to continue in viable operation" as set forth in Paragraph 32 of OSL's Counterclaim; and that Plaintiff's "conduct resulted in the Company's inability to satisfy legitimate legal obligations of the Company" as set forth in Paragraph 33 of OSL's Counterclaim. Such information is necessary for Plaintiff to defend himself against OSL's claims.

10. With respect to the third factor, OSL's approach to this matter – filing a significant Counterclaim against Plaintiff and then essentially abandoning the case – is particularly troubling. "There is obviously a need for deterrence when a claimant files a claim and then does nothing to pursue it." *United States v. $8,369.00 in U.S. Currency*, 1:08-cv-145, 2009 WL 88060, at *1 (M.D.N.C. Jan. 12, 2009) (recommending dismissal of claim under Rule 37(b)).

11. The fourth factor questions the effectiveness of less drastic sanctions. If OSL refuses to respond to Plaintiff's Requests for Production, as implied by former counsel for OSL, there are no less drastic sanctions available. OSL will have essentially abandoned its case entirely and will have directly disobeyed a court order.

12. The Court is cognizant that such sanctions are harsh, and that our case law emphasizes the significance of warning a defendant about the possibility of default sanctions before entry. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). For that reason, the

4

Court will grant Plaintiff's Motion to Compel and will require OSL to provide its Rule 26 disclosures and a complete response to Plaintiff's document requests by March 31, 2017. The failure by OSL to comply with this order will result in the imposition of dispositive sanctions under Federal Rule of Civil Procedure 37(b)(2), including the striking and/or dismissal of OSL's Counterclaim and the entry of default judgment in favor of Plaintiff against OSL.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Compel and for Sanctions is GRANTED as follows:

    a. OSL shall provide its full and complete Rule 26 disclosures and full and complete responses to Plaintiff's First Requests for Production of Documents by no later March 31, 2017.

    b. OSL is specifically warned that failure by OSL to fully comply with this order will result in the imposition of dispositive sanctions under Federal Rule of Civil Procedure 37(b)(2). Specifically, the Court will dismiss OSL's Counterclaim and will enter default judgment in favor of Plaintiff against OSL.

2. The Court denies Plaintiff's alternative Motion to Dismiss pursuant to Rule 41 at this time, without prejudice to re-file said motion in the future. OSL is again warned that the failure to comply with this order can and will be considered as abandonment of its Counterclaim.

3. The dispositive motion deadline is extended to May 31, 2017.

Dated: March 6, 2017

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge