IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-11-D

| | |
|---|---|
| THOMAS D'ORAZIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OSL HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

On May 2, 2017, plaintiff/counterclaim defendant Thomas D'Orazio ("D'Orazio" or "plaintiff") moved for sanctions [D.E. 42]. Defendant OSL Holdings, Inc., ("OSL"or "defendant") did not respond. As explained below, the court grants plaintiff's motion for sanctions, enters judgment against OSL, and dismisses OSL's counterclaim against D'Orazio with prejudice.

I.

D'Orazio filed this action seeking damages based on OSL's alleged failure to pay wages [D.E. 1-1]. OSL filed an answer and counterclaim asserting claims for breach of fiduciary duty and conversion [D.E. 22].

The scheduling order required the parties to exchange Rule 26(a) disclosures by June 24, 2016. See [D.E. 28]. OSL did not provide any Rule 26(a) disclosures. On August 12, 2016, D'Orazio's counsel requested OSL's Rule 26(a) disclosures [D.E. 37-2]. D'Orazio's counsel requested them again on August 23, 2016 [D.E. 37-3] and October 31, 2016 [D.E. 37-5]. OSL never made the required Rule 26(a) disclosures.

On August 23, 2016, D'Orazio served his first set of requests for production on OSL. See [D.E. 37-4]. D'Orazio did not receive timely responses. On October 31, 2016, D'Orazio's counsel

requested in writing that OSL either produce the documents by November 4, 2016, or reach some agreement. See [D.E. 37-5]. OSL did not respond to D'Orazio's first request for production of documents. Instead, on November 4, 2016, OSL's counsel wrote to D'Orazio's counsel and stated that "all known directors of OSL have resigned and there is no one available to communicate with or authorize any further work in this matter." [D.E. 37-6]. On November 4, 2016, OSL's counsel also moved to withdraw as counsel for OSL and stated that "a) all of the directors of OSL Holdings have resigned and there is no one available to communicate with or authorize any further work in this matter; and b) OSL Holdings has no funding and is essentially defunct." [D.E. 35].

On November 9, 2016, D'Orazio moved to compel and for sanctions in light of OSL's failure to makes its Rule 26(a) disclosures and respond to D'Orazio's first requests for production of documents [D.E. 37]. On March 6, 2017, this court granted D'Orazio's motion to compel and ordered OSL to provide full and complete Rule 26(a) disclosures and full and complete responses to D'Orazio's first requests for production of documents by March 31, 2017. See [D.E. 41] ("Order"). In its Order, the court warned OSL that "failure by OSL to fully comply with this order will result in the imposition of dispositive sanctions under Federal Rule of Civil Procedure 37(b)(2). Specifically, the Court will dismiss OSL's Counterclaim and will enter default judgment in favor of Plaintiff against OSL." Id. at 5, ¶ 1(b). The court also stated that "OSL is again warned that the failure to comply with this order can and will be considered abandonment of its Counterclaim." Id. at 5, ¶ 2.

Notwithstanding the court's Order and warnings, OSL violated the court's Order. A court has the discretion to award various sanctions, including striking pleadings in whole or in part, dismissing the action or proceeding in whole or in part, or issuing a default judgment against the disobedient party. See Fed. R. Civ. P. 37(b)(2); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d

36, 40–41 (4th Cir. 1995).

In evaluating the imposition of sanctions, the court must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989); Hathcock, 53 F.3d at 40–41.

In its Order, the court considered each of the above-referenced factors, and incorporates that discussion by reference. See [D.E. 41] 3–5. In addition, the court expressly warned OSL in the Order that if OSL failed to comply with the Order, the court would dismiss OSL's counterclaim and would enter default judgment in favor of D'Orazio. See id. Here, imposing sanctions is appropriate based upon the record, OSL's bad faith, the prejudice to D'Orazio, the need for deterrence, and OSL's lack of compliance with the Order.

OSL violated the North Carolina Wage and Hour Act by failing to pay D'Orazio the unpaid portion of his transition bonus in the amount of $12,500.00, by failing to pay D'Orazio's base wages in the amount of $51,073.00, and by failing to pay D'Orazio accrued, but unused, vacation in the amount of $6,923.00. See [D.E. 43] 5–7. OSL's failure to pay D'Orazio was not in good faith, and OSL had no reasonable grounds for believing that its actions were permissible under the North Carolina Wage and Hour Act. See id. Thus, D'Orazio is entitled to recover from OSL (1) unpaid wages, bonus, and vacation in the amount of $70,496.00, and (2) liquidated damages in the amount of $70,496.00. See id. In addition, the court awards D'Orazio his costs and reasonable attorney's fees in the amount of $10,838.06. See id.; [D.E. 42-1]. The court finds such costs and fees to be reasonable and appropriate for the work performed on D'Orazio's behalf in this case.

3

II.

In sum, plaintiff's motion for sanctions [D.E. 42] is GRANTED, the counterclaim of defendant/counterclaim plaintiff OSL Holdings, Inc., is DISMISSED with prejudice, and judgment is entered against OSL Holdings, Inc., in the amount of $151,830.06 plus post-judgment interest at the legal rate.

SO ORDERED. This _9_ day of June 2017.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge